UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL VANDERHOOF, and
CHERYL VANDERHOOF,

    Plaintiffs,

vs.                                                                     Case No. 12-10305

DEUTSCHE BANK NATIONAL TRUST                HON. AVERN COHN
as Trustee for GSAA HOME EQUITY, GSSA
HOME EQUITY TRUST 2007-5 ASSET BACK
CERTIFICATES, SERIES 2007-5, AND
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 16)**

### I. Introduction

This is another one of many cases pending in this district involving a default on a home mortgage and subsequent foreclosure proceedings. As will be explained, plaintiffs have not made a payment on their mortgage for almost four years, the property has been foreclosed upon, and the redemption period has expired. Nevertheless, plaintiffs still believe that they have a right to the home. Plaintiffs Michael Vanderhoof and Cheryl Vanderhoof have filed a complaint against defendants Deutsche Bank National Trust as Trustee for GSAA Home Equity, GSSA Home Equity Trust 2007-5 Asset Back Certificates, Series 2007-5, ("Deutsche Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS") making several claims relating to their mortgage and the subsequent foreclosure proceedings.

Plaintiffs claim (I) lack of standing to foreclose under M.C.L. § 600.3204, (II) fraud in violation of M.C.L. § 600.2907A, (III) quiet title, (IV) fraudulent conveyance in violation of M.C.L. § 565.371, and (V) breach of contract.

Before the Court is defendants' motion for summary judgment. The motion was argued and is ready for decision.[1] For the reasons that follow, the motion will be granted.

## II. Background

### A. The Loan, Mortgage, and Property

On January 24, 2007, Michael Vanderhoof obtained a refinance loan from non-party GreenPoint Mortgage Funding, Inc. in the amount of $956,000.00. As security for the loan, plaintiffs granted MERS, and its successors and assigns, a mortgage on property known as 1340 North Territorial Road, Ann Arbor, Michigan. The mortgage was recorded with the Washtenaw County Register of Deeds. On June 28, 2010, MERS assigned the mortgage to Deutsche Bank. The assignment was also recorded with the Washtenaw County Register of Deeds.

The property which is subject to the mortgage has a tax parcel identification number of B-02-19-200-021. The correct legal description for the property, which refers to the property as "Parcel C," is attached as Exhibit A to both the mortgage and the

---

[1]At the hearing on defendants' motion, the Court directed defendants' counsel to send plaintiffs' counsel a letter detailing the documents plaintiffs must provide to be evaluated for a loan modification. Defendants 'counsel sent the letter, dated February 1, 2013, with a copy to the Court. Plaintiffs failed to respond with the requested information within the time frame specified in the letter. Defendants' counsel informed plaintiffs' counsel in a letter dated February 22, 2013, with a copy to the Court, that due to plaintiffs' failure to respond, "the bank has closed the loan modification review file."

assignment of the mortgage. The property includes a right-of-way easement over an adjacent parcel of land, "Parcel B" (tax parcel identification number of B-02-19-200-020). Parcel B is vacant land.

### B. Plaintiffs' Default

Plaintiffs concede that they ceased making payments on their loan over three years ago. Due to their default, plaintiffs were sent a foreclosure/housing counselor notice on July 2, 2010, via certified and regular mail, in compliance with M.C.L. § 600.3205a (the "3205a Notice"). Michael Vanderhoof testified at deposition that he recalls receiving the 3205a Notice. The 3205a Notice was published on July 8, 2010, in the Washtenaw County Legal News.

Plaintiffs did not request a loan modification meeting through a housing counselor within fourteen days of the date of the 3205a Notice, the time period provided in the notice.[2] Accordingly, Deutsche Bank proceeded with foreclosure by advertisement proceedings against plaintiffs. To this end, notice of the sale was published on August 5, August 12, August 19, and August 26, 2010, and posted at the property on August 10, 2010.

All published foreclosure notices contained the same legal description of the

---

[2]Plaintiffs alleged in the complaint that at some point after their default, they contacted a housing counselor, Hope America, Inc. Michael Vanderhoof testified at deposition that he contacted Hope America, Inc. twice. First, he contacted Hope America, Inc. to assist with a modification in early 2009 – over a year and half before the foreclosure was initiated. Plaintiffs also admit that they were reviewed for a loan modification at that time, and were denied because they did not qualify per investor guidelines. Second, plaintiffs contacted Home America, Inc. on August 31, 2010, almost two months after the 3205a Notice was issued. When plaintiffs received the 3205a Notice, they contacted an attorney, not a housing counselor.

Property that is contained in the mortgage.

On January 27, 2011, Deutsche Bank purchased the property at foreclosure sale. The Sheriff's Deed contains the same legal description that is contained in the mortgage. The sheriff's deed also references Parcel B, over which the property has a right-of-way easement, in the attached legal description, and also by including the tax parcel identification number for Parcel B in the sheriff's deed.

The redemption period expired on January 27, 2012. Plaintiffs did not redeem the property. Plaintiffs admit that they did not have the funds to redeem.

Instead of redeeming the property, on December 19, 2011, plaintiffs filed this action in state court. Deutsche Bank and MERS removed the case to federal court.

### III.  Summary Judgment

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must

present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see Anderson, 477 U.S. at 249–50.

### IV. Analysis

#### A. Overview of Complaint

Plaintiffs' five-count complaint is essentially based on the assumption that the assignment of the mortgage from MERS to Deutsche Bank was invalid, and therefore allegedly Deutsche Bank did not have standing to foreclose. In addition, plaintiffs allege that the sheriff's deed from the foreclosure sale of the subject property included two tax parcel identification numbers, the first being the tax parcel identification number for the subject property, and the second being the tax parcel identification number for the adjacent parcel of land over which the property has a right-of-way easement.

#### B. Expiration of the Redemption Period

The expiration of the redemption period impacts plaintiffs' ability to challenge the foreclosure process. Generally, once the redemption period has expired, all of the mortgagor's rights to the property are extinguished as a matter of law. Williams v. Pledged Prop. II, LLC, No. 12–1056, 2012 WL 6200270, at *2 (6th Cir. Dec.13, 2012) ( citing Mich. Comp. Laws § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 4 N.W.2d 514 (1942)). Under Michigan law, "[a]fter the expiration of the redemption period, a mortgagor does not have standing to bring an action to quiet title or challenge the foreclosure proceedings." Id. (citations omitted).

Notwithstanding the above, Michigan law provides that when redemption expires, former property owners can only challenge the validity of the foreclosure when they have made a clear showing of fraud or irregularity sufficient to justify setting aside the foreclosure. "Michigan courts allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit viable, provided he makes a clear showing of fraud, or irregularity by the defendant. El–Seblani v. IndyMac Mortg. Servs., —— F. App'x. —— (6th Cir.2013) (citing Schulthies v. Barron, 16 Mich.App. 246, 167 N.W.2d 784, 785 (Mich. Ct. App.1969)); Freeman v. Wozniak, 241 Mich.App. 633, 617 N.W.2d 46, 49 (Mich. Ct .App.2000) (internal quotation marks omitted)); see also Houston v. U.S. Bank Home Mortg. Wisconsin Serv., No. 11–2444, 2012 WL 5869918, at *5 (6th Cir. Nov.20, 2012) ("Because she is outside of the redemption period, [plaintiff] can undo the divestment of her property right only if there was fraud, accident, or mistake."). The standard for showing fraud, accident, or mistake is "stringent" and a statutory foreclosure "will only be set aside if very good reasons exist for doing so." Id. (citing Kubicki v. Mortg. Elec. Reg. Sys., 292 Mich.App. 287, 807 N.W.2d 433, 434 (Mich. Ct. App.2011); Sweet Air Inv., Inc. v. Kenney, 275 Mich.App. 492, 739 N.W.2d 656, 659 (Mich. Ct. App.2007) (internal quotation marks omitted)). Moreover, the alleged fraud or irregularity must be with regard to the sale procedure itself. See Reid v. Rylander, 270 Mich. 263, 267 (1935) (holding that a borrower is limited to validity of the foreclosure sale procedures, not the note, mortgage or other underlying instruments, or the capacity of the foreclosing party); Freeman v. Wozniak, 617 N.W.2d 46, 48-49 (Mich. Ct. App. 2000) (reversal of sheriff's sale improper without

fraud, accident, or mistake in foreclosure proceedings).

Because the redemption period has expired, plaintiffs must establish fraud or irregularity sufficient to survive summary judgment, i.e. that there is a genuine issue of material fact as to a fraud or irregularity which would merit undoing the foreclosure. As will be explained below, none of plaintiffs' claims meet this standard.

### C. Plaintiffs' Claims[3]

#### 1. Count I

In Count I, plaintiffs allege that Deutsche Bank did not have standing to foreclosure because there was a wrongful assignment of the mortgage by MERS to Deutsche Bank. Plaintiffs allege that the assignment violated the terms of the subject trust, and also that the assignment "robosigned."

Plaintiffs, however, cannot attack the assignment. Another judge in this district recently rejected a similar argument as to a plaintiff's claims which relied on "alleged improprieties in the assignment of the mortgage, to which he was not a party." The Court said "[a] non-party cannot challenge a mortgage assignment." Carmack v. Bank of New York Mellon, 2012 U.S. Dist. LEXIS 87470 at *6-7 (citing Livonia Properties Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C., 399 F. App'x 97, 102 (6th Cir. 2010, cert. denied, 131. S. Ct. 1696 (2011)).

Courts have recognized that in Livonia Properties, the court noted an exception to the general rule that a non-party lacks standing to challenge an assignment when an obligor is attacking as assignee's lack of title to foreclose. See Livonia Properties, 399

---

[3]Plaintiffs have agreed to dismiss Count IV; therefore, the Court will not address it.

Fed. App'x. at 102; Martin v. Gateway Funding Diversified Mortg. Servs., L.P., 12-11764, 2012 U.S. Dist. LEXIS 151207, *15 (E.D. Mich. Oct. 22, 2012). While plaintiffs suggest that this exception applies to this case, they are mistaken. This exception exists only when there is a risk that the obligor may be forced to pay the same debt twice. See Martin, 2012 U.S. Dist. LEXIS 151207 at 15 ("Plaintiff does not allege that he needs protection from having to pay the same debt twice. Moreover, it appears from the pleadings that such risk most likely does not exist because BNYM as Trustee of the Trust also holds the interest in the note."); Carmack, 2012 U.S. Dist. LEXIS 87470, at *6-7 (same); Thomas, 2012 U.S. Dist. LEXIS 33649 at *14 (same). Plaintiffs have not alleged (nor can they allege) any risk of double liability.

Even if plaintiffs had standing to bring their claim regarding the validity of the assignment or the subject trust agreement, Count I fails as a matter of law. First, the Michigan Supreme Court has made clear that, under Michigan law, a mortgage granted to MERS as nominee for lender and lender's successors and assigns, as was the case here, is a valid and assignable mortgage. Residential Funding Co., LLC v. Saurman, 490 Mich. 909 (2011); see also Matthews v. Mortgage Electronic Registration Sys. Inc., No. 10–13740, 2011 WL 2560329 (E.D. Mich. Apr. 5, 2011). Saurman made clear that MERS can assign a mortgage, as it did here to Deutsche Bank.

Second, Deutsche Bank had standing to foreclose on the property. Under M.C.L. § 600.3204(d), a "party may foreclose a mortgage by advertisement if … [t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." The recorded assignment and Sheriff's deed demonstrate that Deutsche Bank is the

8

mortgagee of record. Thus, Deutsche Bank, as mortgagee of record, had standing to foreclose on the property by advertisement under M.C.L. § 600.2304(1)(d). See Saurman, 490 Mich. 909 (2011) (concluding that "the Legislature's use of the phrase 'interest in the indebtedness' to denote a category of parties entitled to foreclosure by advertisement indicates the intent to include mortgagees of record among the parties entitled to foreclosure by advertisement," citing M.C.L. § 600.3204(1)(d)).

Plaintiffs, however, allege that despite its record chain of title, Deutsche Bank lacked standing to foreclose because the assignment of mortgage allegedly occurred after the cut-off date of the trust agreement and because the loan was allegedly "securitized." Neither assertion has merit. The assignment did not violate the trust agreement. By plaintiffs' own allegations, the trust acquired the note (and thereby its equitable interest in the Mortgage) in 2007, prior to the alleged closing date. See Complaint ¶ 17, see also Plaintiffs' Answers to Interrogatories No. 4 ("Plaintiffs based the allegations [that the Assignment of Mortgage as an 'express violation of the law'] on the factual basis that the mortgage loan was securitized and alleged [sic] placed into the subject trust by the close date of April 30, 2007…. and the assignment post the trust close date would be a legal impossibility …"). The fact that the formal assignment of Mortgage was done later is irrelevant, because an assignment may occur after a trust cut-off date. See Smith v. Litton Loan Servicing, LP, No. 10-14700, 2012 U.S. Dist. LEXIS 58656, at *4 (E.D. Mich. Apr. 26, 2012) ("While the pooling and servicing agreement establishes a schedule for the assignment of mortgage loans to the trust, it did not similarly restrict the assignment of mortgages.").

Second, as to plaintiffs' "securitization" argument, "[s]ecuritization" does not impact the foreclosure. This Court has previously rejected an attempt to assert a claim based upon the securitization of a mortgage loan. See Leone v. Citigroup, Inc., No. 12–10597, 2012 WL 1564698, at *4 (E.D. Mich. May 2, 2012) (collecting cases). Further, MERS acts as nominee for both the originating lender and its successors and assigns. Therefore, the mortgage and note are not split when the note is sold. See, e.g., Golliday v. Chase Home Fin., LLC, No. 1:10–cv–532, 2011 WL 4352554, at *8–9 (W.D. Mich. Aug.23, 2011) (collecting cases).

Finally, even if Plaintiff's allegations or proof were sufficient to show some defect in the assignment, the Sixth Circuit has observed that "any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, and that [the plaintiff], as stranger to the assignment, lacked standing to challenge its validity." Tuille v. Am. Home Mortg. Servs., Inc., 483 F. App'x 132, 135 (6th Cir. 2012) (internal citations omitted).

Overall, there is no defect Deutsche Bank being able to foreclose. Count I therefore fails on the merits.

## 2. Count III

In Count III, plaintiffs seek to quiet title. A quiet title action is an attempt to establish a substantive right in property. Beach v. Twp. of Lima, 802 N.W.2d 1, 8 (Mich. 2011). The statute provides that "[a]ny person … who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest

inconsistent with the interest claimed by the plaintiff…." M.C.L. § 600.2932. In an action to quiet title to land a borrower must prove he has title to the property which is superior to the title claims of all other persons with an interest in the property. <u>Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Rd Comm'n</u>, 600 N.W.2d 698, 700-701 (Mich. Ct. App. 1999). Thus, "the [borrower] has the burden of proof and must make out a prima facie case of title. Once the [borrower] makes out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." Id., at 700. Establishing a prima facie case of title requires a plaintiff to describe the chain of title through which he claims ownership. <u>Johns v. Dover</u>, No. 291028, 2010 Mich. App. LEXIS 1319, *3-4 (Mich. Ct. App. July 8, 2010)

Here, defendants have set forth a clear chain of title showing that Deutsche Bank as Trustee now owns the property. Plaintiffs make no attempt to show a chain of title to the property in their favor. Instead, plaintiffs rest their quiet title claims on two main arguments, that the assignment was invalid and/or the loan was securitized. For the reasons stated above, these allegations do not provide a basis for a quiet title claim.

To the extent plaintiffs argue that title to the property should be quieted in them because of the reference to Parcel B on the sheriff's deed, their claim still fails. Plaintiffs do not explain how reference to Parcel B on the sheriff's deed affects Deutsche Bank's interest in the property, which consists only of Parcel C (Tax Parcel Identification Number B-02-19-200-021). Second, the sheriff's deed does not incorrectly reference Parcel B. The right-of-way easement, as described in the legal description for the property is a "private road easement…which provides ingress and egress to and from North Territorial Road…located in the Southerly portion of Parcel B." This type of

easement by necessity "passes with each successive transfer of title." Bean v. Bean, 163 Mich. 379, 397 (Mich. 1910). This is equally applicable to the foreclosure of a mortgage on the dominant parcel. Michigan Real Property Law, 3d, Vol. 1, Easements, sec. 6.10; see also Manciu v. Resseguie, No. 261393, 2005 Mich. App. LEXIS 1681 (Mich. Ct. App. July 14, 2005). Indeed, plaintiffs agree that the property has a right-of-way over Parcel B, and thus reference to this parcel on the sheriff's deed is appropriate.

Moreover, plaintiffs do not explain how the Sheriff's deed could have legally conveyed more than the interest covered by the mortgage. To the extent that plaintiffs argue that the Sheriff's deed intent was to convey more than the property, they are incorrect. Michigan courts evaluate the "whole of the deed." See Barriger Family Trust v. Twp. of Forsyth, No. 295683, 2011 Mich. App. LEXIS 1021, *5 (Mich. Ct. App. June 7, 2011) ("[I]n arriving at the intent of parties as expressed in the instrument, consideration must be given to the whole [of the deed] and to each and every part of it; [] no language in the instrument may be needlessly rejected as meaningless.") (quoting Dep't of Natural Resources v. Carmody-Lahti Real Estate, Inc., 472 Mich. 359, 370 (Mich. 2005)) The "whole of" the sheriff's deed, which references the correct mortgage on the property and which contains the correct legal description demonstrates that the intent of the Sheriff's deed was to transfer only the Property (Parcel C, with a right-of-way over Parcel B).[4]

---

[4]Additionally, it may be said that plaintiffs' quiet title claim fails because "[a] person seeking equity should be barred from receiving equitable relief if there is any indication of overreaching or unfairness on this person's part." Royce v. Duthler, 209 Mich. App. 682, 688-89 (Mich. Ct. App. 1995) (holding that lot owner's unclean hands

Overall, plaintiffs cannot establish a claim to quiet title.

### 3. Count II

In Count II, plaintiffs allege fraud based on alleged violations of M.C.L. § 600.2907a and M.C.L. § 565.25. This claim also fails. First, a claim of fraud is barred because a party is precluded from recovering in tort economic losses suffered because of a breach of duty assumed only by contract. See Neibarger v. Universal Coops, 439 Mich. 512, 525-526 (Mich. 1992); Fultz v. Union Commerce-Assoc., 470 Mich. 460, 467 (Mich. 2004). Where a contract exists (as it does here), the economic loss doctrine prohibits a party to the contract from bringing tort claims that are factually indistinguishable from breach of contract claims. Neibarger, 439 Mich. at 528. Here, plaintiffs allege a breach of contract claim under Count V. Accordingly, plaintiffs cannot sue defendants in tort and their tort claims are fatally flawed. See Rinaldo's Const Corp. v. Mich. Bell Tel. Co., 454 Mich. 65 (Mich. 1997) (mere failure to perform an obligation under a contract cannot give rise to a negligence cause of action in tort).

Second, the claim is not sustainable based on the statutory provisions. M.C.L. § 600.2097a provides that a person who violates M.C.L. § 565.25 by "encumbering property through the recording of a document without lawful cause with the intent to harass or intimidate any person is liable to the owner of the property encumbered" for certain costs and damages. Putting aside that it is not clear exactly what document(s) plaintiffs are relying on that were allegedly recorded with intent to harass or intimidate,

---

prevented her from securing equitable remedy of specific performance of right of first refusal), McKay v. Palmer, 170 Mich. App. 288, 293 (Mich. Ct. App. 1988) (barring plaintiff's quiet title suit on the doctrine of unclean hands). Plaintiffs admit they ceased making payments on their loan over three years ago.

to the extent that plaintiffs are alleging that the recording of the mortgage, assignment or Sheriff's deed was in violation of M.C.L. § 565.25, this claim is not viable. Section 565.25 does not apply to such documents. See M.C.L. §§ 565.25(2)(b),(c),(e). Even if section 565.25 applied to these documents, plaintiffs have not established any facts which would support a violation of this statute. Plaintiffs assertion that the assignment was invalid is insufficient. Plaintiffs have not alleged, or shown, any intent of defendants to harass or intimidate.

Finally, Count II fails because plaintiffs' allegations of "fraud" have not been alleged fraud with sufficient particularity. In order to state a claim for fraud, plaintiffs must plead: (1) that defendants made a material misrepresentation; (2) that it was false; (3) that when they made it they knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that they made it with the intention that it should be acted upon by plaintiffs; (5) that plaintiffs acted in reliance upon it; and (6) that they thereby suffered injury. Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336 (Mich. 1976). The absence of any one of these elements is fatal to recovery. Under Rule 9(b), plaintiffs "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which [they] relied."

Here, the only allegations that come close to stating a fraud claim with the necessary particularity are the allegations that the assignment was "questionable," "robosigned" and "suspect." This district has held that such "vague and speculative assertions" of robosigning are "insufficient to state a plausible claim of fraud or irregularity." Block v. BAC Home Loans Servicing, L.P. No. 11-11181, 2012 U.S. Dist. LEXIS 78566, *10 (E.D. Mich. June 6, 2012).

Overall, plaintiffs are not entitled to relief under Count II.

### 4. Count V

In Count V, plaintiffs allege that the mortgage was breached by the alleged "invalid foreclosure" and by the alleged splitting of the note from the mortgage. Plaintiffs cannot prevail on this claim. As noted above, to the extent that plaintiffs contend that the "securitization" process effectively split the mortgage from the note in breach of the mortgage, several courts have rejected this argument. "[S]ecuritization does not impermissibly split the promissory note and mortgage, nor does it invalidate the note or mortgage."). <u>Jones v. Bank of America</u>, No. 12-11608, 2012 U.S. Dist. LEXIS 158783, *8-9 (E.D. Mich. Nov. 6, 2012); <u>Stafford v. Mortg. Elec. Regis. Sys., Inc.</u>, No. 12-10987, 2012 U.S. Dist. LEXIS 61413 at *13 (E.D. Mich. May 2, 2012) (citing cases). Moreover, also as explained above, there were no defects in the foreclosure. Thus, there is no basis for a breach of contract claim.

### 5. Plaintiffs' Arguments

As noted in defendants' reply brief, plaintiffs fail to explain the deficiencies in their claims. While they continue to assert that the assignment was invalid, they ignore that they lack the ability to challenge the assignment, and that Deutsche Bank had a recorded chain of title prior to the foreclosure. Plaintiffs assert that Deutsche Bank lacked standing because it was not an "investor" of the loan, and that a genuine issue of material fact exists on the issue of who is the investor. This does not carry the day. Even if someone other than Deutsche Bank was an investor, it is undisputed that Deutsche Bank acquired the note in 2007, prior to the closing date of the trust. Moreover, plaintiffs do not articulate how, even if Deutsche Bank was not an investor,

this affected its ability to foreclose on the property as the mortgagee of record.

Plaintiffs also argue that the foreclosure process is invalid because defendants allegedly foreclosed on the wrong property because the tax identification number for Parcel B appeared on the sheriff's deed. This argument is also unavailing. Deutsche Bank did not, and could not, foreclosure on Parcel B because it is not encumbered by the mortgage. Parcel C is subject to the mortgage and was the property which was foreclosed. As explained above, Parcel C has an easement right over Parcel B. The reference to Parcel B on the Sheriff's deed was in relation to the easement. There was no error in the foreclosure.

### V. Conclusion

For the reasons stated above, defendants' motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.

          S/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: March 1, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 1, 2013, by electronic and/or ordinary mail.

          S/Sakne Chami
          Case Manager, (313) 234-5160